No. 535 July 31, 2024 173

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

EDWIN JOSH WILLIAMS,
*Defendant-Appellant.*

Jefferson County Circuit Court
21CR26525; A179146

Annette C. Hillman, Judge.

Submitted June 12, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Brett J. Allin, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals from a judgment of conviction for various offenses, including first-degree online sexual corruption of a child, ORS 163.433. In his sole assignment of error, defendant argues that the trial court erred in denying his motion for judgment of acquittal (MJOA) on that charge because the evidence "did not support a rational inference as to any of the three conduct elements."

When reviewing the denial of an MJOA, "we view the evidence in the light most favorable to the state to determine whether a rational factfinder could have found the elements of the offense beyond a reasonable doubt." *State v. Lewis*, 292 Or App 1, 6, 423 P3d 129, *rev den*, 363 Or 744 (2018) (internal quotation marks omitted). Having reviewed the evidence, we conclude that the trial court did not err in denying the MJOA. We therefore affirm.

ORS 163.433 provides that a person commits first-degree online sexual corruption of a child when that person commits second-degree online sexual corruption of a child and "intentionally takes a substantial step toward physically meeting with or encountering the child." A person commits second-degree online sexual corruption of a child if (1) "the person is 18 years of age or older" (2) "[f]or the purpose of arousing or gratifying the sexual desire of the person or another person" (3) "knowingly uses an online communication to solicit a child to engage in sexual contact or sexually explicit conduct" and (4) "[o]ffers or agrees to physically meet with the child." ORS 163.432(1). For purposes of those statutes, a "child" is "a person who the defendant reasonably believes to be under 16 years of age." ORS 163.431(1).

In the instant case, defendant was arrested after exchanging messages and attempting to meet with someone he believed was a 16-year-old girl, but in fact was a detective. The detective who was posing as the girl arranged to meet with defendant in a park for sex. Before the meeting was to take place, the detective sent defendant a message representing that she was 15, not 16. After receiving that message, defendant responded, "Wait rite there k," and asked where the park was. The detective told him that the

park was on B Street, and that she was waiting in a bathroom. Defendant sent a "pin" to his location on a map, which was under a bridge close to the park.

Officers found defendant under the bridge and arrested him. Defendant had several condoms in his backpack. After his arrest, defendant told police officers that he understood that the girl was 15 years old, and that he was planning to meet with her. According to the detective, defendant claimed that he got "nervous" when he learned that she was 15, but he wanted to meet with her anyway because he did not want to hurt her feelings, and he wanted to "teach her a lesson" for agreeing to meet with a 50-year-old man. Defendant acknowledged that he sent the girl his location with the intent that she would meet him under the bridge.

Those facts provided sufficient evidence for a rational factfinder to find the elements of the crime beyond a reasonable doubt. In the light most favorable to the state, defendant planned to meet a minor for sex. After defendant learned that the minor he was planning to meet was under the age of 16, he sent additional text messages to further the plan, including confirming her location, asking her to stay where she was, and providing her with a place where he wanted to meet. In the light most favorable to the state, those messages were solicitations to engage in sexual contact. *See Lewis*, 292 Or App at 5-6 (holding that text messages asking, "Can I head over?" and "I'm good to come over now?" "were requests to engage in sexual contact" and therefore met the statutory definition of solicitation). As in *Lewis*, "The fact that the initial plan to engage in sexual contact was made before defendant knew [the child's] age does not prevent his later requests to engage in sexual contact from constituting solicitation as defined by the statute." *Id.* at 6.

Because the evidence was sufficient to establish the essential elements of the crime, the trial court did not err in denying defendant's MJOA.

Affirmed.